In the Matter of BENJAMIN I. CANTOR, an Attorney, Respondent.

First Department, June 30, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Benjamin I. Cantor*, respondent, in person.

MARTIN, P. J.   The respondent was charged with having grossly neglected the interests of his clients, Mr. and Mrs. William Filton, with the result that their causes of action against the city of New York became barred by the Statute of Limitations, and with having meanwhile falsely represented that he had instituted actions on their behalf which were on the calendar awaiting trial.   The respondent, in answer, claimed that following an examination of Mrs. Filton by the city, he informed her that she had no cause of action and that he would do nothing further in the matter.

An official referee to whom the matter was sent for hearing has rendered a report finding that the respondent undertook to represent the Filtons as attorneys, and that the case had been neglected, but that the evidence upon the issue whether the respondent had withdrawn from the case was evenly divided; therefore, he could not decide against him upon suspicion.

We do not find the evidence in the case to be evenly divided. There is a clear preponderance of evidence in support of the charges. The evidence discloses that Mrs. William Filton fell on an icy sidewalk on Seventy-eighth street in the city of New York on December 5, 1929, and broke her leg in three places.   The respondent was requested by Mr. Filton to take the case on a percentage basis.   He told Mr. Filton there would be no case unless some time had elapsed between the last fall of snow and the date of the accident, and requested him to investigate that matter.   Mr. Filton ascertained that the last snow fell on December 2, 1929, and reported that fact to the respondent, who said, " All right, I have already

verified that, and will present your case to the proper authorities." On December 14, 1929, Mr. Filton mailed a complete statement of the accident to the respondent. The latter on December 28, 1929, sent to Mr. Filton notices of claim prepared by him as attorney for the claimants. These were executed and returned by Mr. and Mrs. Filton, and filed in the office of the corporation counsel on December 31, 1929. Thereafter, in response to a letter from the respondent, Mr. and Mrs. Filton called at his office, preliminary to an examination by the corporation counsel, when Mr. Filton expressed the hope that the case was " on the docket " and that their interests were being protected. To this the respondent replied: " Don't worry about that; that has been taken care of, and what we are going to have now doesn't mean anything. It will probably be thrown out by the City."

Mr. and Mrs. Filton thereafter were examined as to the accident by an assistant corporation counsel, who stated in the presence of the respondent that he would try to effect a settlement of the case by paying the expenses actually incurred. The respondent requested Mr. Filton to send him an itemized statmeent of expenses, together with receipted hospital bills. This Mr. Filton did on March 30, 1930. About three months thereafter Mr. Filton called on the respondent and inquired if he had heard anything about the case. The respondent said, " I have heard nothing whatsoever, and when I need you I will send for you. I have your address." On April 30, 1930, Mr. Filton wrote the respondent that the department of finance of the city of New York had requested certain information from their principal witness and also from their doctor. Thereafter Mr. Filton from time to time wrote the respondent inquiring about the status of the matter, and kept him informed of changes of address. On February 14, 1933, Mr. Filton wrote as follows: " Kindly advise me of the status of my claim against the City of New York. The last communication I had from you was dated March 27, 1930."

No reply was received to this letter. On April 26, 1933, Mr. Filton sent a registered letter to the respondent, of which the following is a copy.

" I have written you several times regarding the status of my case against the City of New York but have received no answer. Are you a discourteous lawyer?

" Sometime ago you were advised that the Finance Committee of the City of New York, officially requested Dr. Andersen to furnish details with costs. Therefore, I ask you if you have heard from them regarding a settlement.

" I received a letter from Mrs. Delfosse (the lady who went to the Hospital and recommended you to my wife while she was

there.)  Mrs. Delfosse advised my wife that she would see you. In the ordinary course of events this case should about have reached its turn on the Calendar.

"My family are contemplating an European Trip and it is essential for me to have this information immediately.

"I am registering this letter and enclosing a stamped envelope for your reply."

In response to the aforesaid letter the respondent wrote Mr. Filton as follows: "Will you please call at this office any afternoon after 4 P. M. and your inquiry will be explained to you."

Mr. and Mrs. Filton then called upon the respondent and asked him how the case was progressing, and when it would be reached on the calendar, and informed him that Mrs. Filton was going to Europe to be away for about a year.  In response to the inquiry whether the case would come up while she was away, respondent said that it would not; there was nothing to worry about, as these cases take a long time.  Nothing further was heard from the respondent.  On December 6, 1934, Mr. Filton wrote him as follows: "Kindly refer to your letter April 29th and our interview.  Kindly advise me the status of this case — myself against City of New York — also please advise me the calendar number."

No reply was received to said letter.  In August, 1935, Mr. Filton complained to the petitioner.

The contention of the respondent that, following the examination of the Filtons by the corporation counsel in 1929, he told Mr. Filton that Mrs. Filton had no case and that he would have nothing further to do with the matter, and that at the interview with the Filtons in April, 1935, he expressed indignation at the sending of the registered letter and stated he was no longer interested in the case, is based upon the uncorroborated word of the respondent.

The testimony of Mr. and Mrs. Filton is corroborated by the writings in the case.  Their testimony is straightforward and convincing.

The respondent, having undertaken to prosecute the claim, neglected to do so with the result that it was barred by the Statute of Limitations.  Thereafter, instead of frankly explaining the situation to his clients, he continued to represent to them that the case was being prosecuted by him in their behalf.  His actions constitute gross professional misconduct.

The respondent should be suspended for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent suspended for three months.